[No. 11111.   Department Two.   July 8, 1913.]

WRIGHT RESTAURANT COMPANY *et al.*, *Appellants*, v.
CHAUNCY WRIGHT *et al.*, *Respondents.*[1]

APPEAL—DECISION—LAW OF CASE.  Where, in a former appeal of
an action to restrain the use of "Chauncy Wright's Cafe" as a trade-
name, the supreme court held sufficient on demurrer a complaint al-
leging an agreement that such trade-name should be used by a part-
nership, and later by a corporation organized by the partners, but
that Mr. Wright might reenter business using his own name with
such precautions as to prevent unnecessary confusion, and on a sub-
sequent trial on the merits, the evidence was to the effect that no
such agreement was made but that the partnership and corporation
were to be run under the name of "Wright Restaurant Company,"
the facts do not support the allegations of the complaint, and the
case is not within the rule announced in the prior decision.

TRADE-MARKS AND TRADE-NAMES — UNFAIR COMPETITION — AGREE-
MENTS.  Where a restaurateur having a long established business
under the name of "Chauncy Wright's Cafe," took in a partner and
they formed a corporation and did business under the name "Wright
Restaurant Company," it is not unfair competition that Mr. Wright,
after sale of his interest in the corporation, should reenter business
in the same locality using his full name on the window, to the in-
jury of the business of the corporation, where there had been no
agreement that he should not reenter business or that the partner-
ship or corporation should do business under the name "Chauncy
Wright's Cafe," but the corporation had agreed to do business under
its corporate name of "Wright Restaurant Company."

Appeal from a judgment of the superior court for King
county, Albertson, J., entered October 2, 1912, upon find-
ings in favor of the defendants, after a trial on the merits be-
fore the court without a jury, in an action for an injunction,
and for damages.   Affirmed.

*James B. Murphy* (*Lucas C. Kells,* of counsel), for appel-
lants.

*Leopold M. Stern* and *Donworth & Todd,* for respondents.

[1]Reported in 133 Pac. 464.

MAIN, J.—The purpose of this action is to obtain a permanent injunction restraining the use of a trade-name and to recover damages.

This cause was heretofore before this court upon an appeal from a judgment dismissing the case after a general demurrer interposed to the complaint had been sustained and the plaintiffs had refused to plead further. The court there held that the complaint stated a cause of action, and the cause was reversed and remanded with directions to overrule the demurrer and determine the cause upon the merits. *Wright Restaurant Co. v. Seattle Restaurant Co.*, 67 Wash. 690, 122 Pac. 348.

For a period of approximately twenty-five years prior to September 19, 1912, the date of the trial in the superior court, the defendant Chauncy Wright had been a successful restaurateur in the city of Seattle, Washington. He and the places operated by him had become widely known among certain classes of patrons. About six or seven years prior to the above mentioned date, he opened a restaurant at No. 164 Washington Street, in Seattle. Thereafter, he became acquainted with the plaintiff Charles Gearhart, who, upon a number of occasions subsequent thereto and prior to October, 1909, offered to purchase a half interest in the business. Wright, however, refused to sell a half interest, but did, in October, 1909, agree with Gearhart to sell him the entire interest in the business at 164 Washington Street. Gearhart paid one-half of the purchase price, took possession, and the papers were prepared and ready to be signed on the following day. But when Wright took the lease for the building to his lessors to be transferred, they refused to accept an assignment from Wright to Gearhart. Wright not being able to assign the lease, and Gearhart being unwilling to give up the deal, they became equal partners in the business. If the sale had been completed as originally contemplated, it was arranged that the business should be conducted by Gearhart at this location under a name other than that of "Chauncy

Wright's Cafe." During the time the business was operated by Wright and Gearhart, it was understood and. agreed that the signs bearing the name "Chauncy Wright's Cafe," which had been used by Wright when he was the sole proprietor, should be removed. For this purpose a painter was at one time employed. The work, however, was delayed, and the signs were not changed or removed, and at the time of the trial remained practically the same as when Wright conducted the business alone. The business was conducted as a partnership for about five months, when, by mutual agreement, a corporation was formed under the corporate name of "Wright Restaurant Company" (the plaintiff corporation), each of the partners taking one-half of the capital stock.

Thereafter, and in October, 1910, Wright sold and transferred all of his stock to Gearhart. At the time the proposal to sell his stock was made, Wright stated: "If you buy me out you cannot use my name on your restaurant." After Gearhart became the sole proprietor of the place, he had painted on the alley side of the building the words "Wright Restaurant Company." Gearhart also advertised his place under the name of "Wright Restaurant Company," and not as "Chauncy Wright's Cafe." It was clearly understood by Gearhart when he purchased the stock that Wright intended soon to again engage in the restaurant business. A short time after the sale of the stock to Gearhart, Wright did open two new restaurants, one of which was soon sold, and the other, located at 110 Occidental avenue, just around the corner from Gearhart's restaurant and not over 400 feet distant, continued to be conducted by Wright. This latter business was owned by the Seattle Restaurant Company, the defendant corporation, Wright being the president thereof. The name on the window was "Chauncy Wright," in large letters, and in smaller letters underneath, "President of Seattle Restaurant Co." Wright advertised

this business extensively under practically the same name as appeared on the window.

The plaintiffs assert that, by reason of the use of this name in the manner indicated, their business at 164 Washington Street, which prior to the opening of this restaurant was a prosperous and paying one, has been injuriously affected, and that their business has dwindled until at the time this action was brought they were operating at a loss; that this loss of business is solely due to the use, in the manner indicated, of the trade-name "Chauncy Wright." The facts above stated are substantially as found by the trial court, and an examination of the record demonstrates that they are sustained by the evidence. The plaintiffs in their complaint pray for a permanent injunction prohibiting and restraining the defendants from the use of the name "Chauncy Wright," and for damages. The cause was tried to the court without a jury, and resulted in a judgment in favor of the defendants. The plaintiffs appeal.

When the cause was here on the former appeal (67 Wash. 690, 122 Pac. 348), the law of the case was settled. It was there held, based upon the allegations of the complaint, that Wright had the privilege of entering the restaurant business when and where he would and to use his name in connection therewith, but that it was his duty to adopt such affirmative precautions in the use of his name as to prevent unnecessary confusion of his with Gearhart's business. According to the allegations of the complaint as stated in the former opinion, when Gearhart entered into partnership with Wright, it was mutually agreed that the trade-name, "Chauncy Wright's Cafe," should be used by the partnership; and on the formation of the corporation, it was also agreed that the name "Chauncy Wright's Cafe" should remain upon the window and that the business of the corporation should be conducted under that name. But upon the trial of the cause upon the merits, on which the present appeal is predicated, the trial court found that, when the partnership was formed, there was

no agreement as to the use of the name "Chauncy Wright" by them while they were associated in business together; and it was further found that, at the time of the incorporation of the Wright Restaurant Company, it was not agreed between the parties that the name "Chauncy Wright's Cafe" should remain upon the window, but that it was agreed that the restaurant should be run under the name of the Wright Restaurant Company, and not under the name of "Chauncy Wright's Cafe." These findings are amply supported by the evidence. It will be seen, therefore, that the facts as developed upon the trial do not support the allegations of the complaint, and, consequently, the case is not within the rule announced in the prior decision.

The judgment will be affirmed.

ELLIS, MORRIS, and FULLERTON, JJ., concur.